## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Michael D. Lenoir,                          :

      Petitioner,                    :

  v.                                        :   Case No. 2:11-cv-342

                                  :   JUDGE PETER C. ECONOMUS
Warden, Richland Correctional                Magistrate Judge Kemp
Institution,                              :

      Respondent.                    :

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on that petition, respondent's return of writ, and petitioner's reply. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED**.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Ohio State Highway Patrol Trooper Marcus Pirrone testified that on July 4, 2009, around 7:00 a.m. he and Trooper Reggie Streicher were observing traffic on Interstate I-71, milepost 121 when he observed a black Cadillac, four-door sedan and a red Grand Cherokee Jeep approaching at a high rate of speed. Trooper Pirrone mounted his motorcycle and began pursuing the vehicles. Trooper Pirrone testified that the Cadillac eventually stopped, however the Jeep slowed down to approximately five or six miles per hour. The Jeep's driver stared at the Trooper, drove past and then "just punched it." (T. at 19). Trooper Pirrone gave a verbal warning to the driver of the Cadillac and began to pursue the red Jeep. Trooper Pirrone testified that he observed the driver of the Jeep through the windshield as the vehicle approached him and then through the passenger side window. Because the driver of the Jeep had slowed down, Trooper Pirrone was able to see the face of the driver, whom he identified as appellant.

{¶ 3} Trooper Pirrone observed appellant exit the highway and proceed through a red light. The appellant proceeded through a second red light and turned left onto Galena Road. Trooper Pirrone followed, but lost sight of the Jeep. The trooper decided to double back. He was then able to observe the Jeep parked in a driveway. Trooper Pirrone observed that a yard ornament had been knocked over in the driveway. Further, the Jeep's brake lights were on then went off. Appellant exited the Jeep and began to run. Trooper Pirrone observed a "black sweatshirt or possibly a black bag" in appellant's hand at the time he exited the Jeep. Trooper Pirrone pursued the appellant who dropped the black object as he continued to flee the officer. During this pursuit, the trooper called for back-up officers. Trooper Pirrone decided to return to the Jeep, in case appellant decided to double back, return to the Jeep and leave the area. Pictures from the scene show a black object on the patio where Trooper Pirrone said he saw appellant drop a black object.

{¶ 4} Additional troopers arrived to assist and stayed at the scene. No one touched the sweatshirt on the ground until Sergeant Steven Click of the Ohio State Highway Patrol verified the sweatshirt did not belong to the homeowner. There were no civilians on the property when the troopers initially arrived. Ms. Norman, the homeowner, did not come out of the house until Sergeant Click knocked on her door.

{¶ 5} Sergeant Click retrieved the black sweatshirt from the area where Trooper Pirrone indicated that appellant had dropped a black object. Sergeant Click picked up the sweatshirt after ascertaining that it did not belong to the homeowner and a baggie of a material fell out onto the patio. Sergeant Click believed the material was an illegal drug and secured the baggie in his motorcycle. The baggie of material was analyzed and found to weigh 100.07 grams and was a mixture of heroin and cocaine.

{¶ 6} The homeowner, Sharon Norman, testified that the black sweatshirt was not hers, that she did not own a black sweatshirt and that there was no black sweatshirt on her patio when she went to bed the evening before at approximately 12:00 am, 1:00 am.

{¶ 7} When the back-up officers arrived, Trooper Pirrone returned to the foot pursuit. During the pursuit, one of the back-up officers contacted Trooper Pirrone to advise that the officers discovered crack cocaine inside the Jeep and a bag of what appeared to be drugs inside the black

sweatshirt Trooper Pirrone saw appellant drop.

{¶ 8} Appellant ran into a wooden area and attempted to hide from the officers underneath some brush. The canine officer located appellant. After refusing to come out, the officer released his dog. Appellant subsequently surrendered. When the officers located appellant, appellant, admitted that the crack cocaine found inside the Jeep belonged to him. He stated, "The small crack in the car, that one is mine." (T. at 33).

{¶ 9} The jury found appellant guilty of the following three offenses: (1) second-degree felony cocaine possession, in violation of R.C. 2925.11(A) and (C)(4)(d); (2) first-degree felony heroin possession, in violation of R.C. 2925.11(A) and (C)(6)(e); and (3) fifth-degree felony crack cocaine possession, in violation of R.C. 2925.11(A) and (C)(4)(a).

{¶ 10} At the sentencing hearing, the state elected to proceed to sentencing on the first-degree felony heroin possession count. The court then sentenced appellant to a mandatory five-year prison term for this offense and to an eight-month prison term for the crack cocaine possession offense. The court ordered appellant to serve the prison terms consecutively. In accordance with R.C. 2941.25, the trial court did not impose a sentence for the second-degree felony cocaine possession offense.

*State v. Lenoir*, 2010 WL 3921188 (5ᵗʰ Dist. October 5, 2010).

On January 26, 2010, petitioner, through counsel, timely filed a notice of appeal to the Fifth District Court of Appeals. *Exhibit 6 to Return of Writ.* Represented by new counsel, he raised the following five assignments of error:

1. The trial court erred by admitting evidence regarding the sweatshirt and the cocaine-heroin mixture when the state failed to establish an adequate chain of custody.

2. The trial court erred by overruling Appellant's motion for judgment of acquittal regarding the second-degree felony cocaine possession offense and the first-degree felony heroin possession offense when the state failed to present sufficient evidence that Appellant knowingly possessed an

amount of cocaine equal to or exceeding 100 grams and an amount of heroin equal to or exceeding 50 grams.

3. The jury verdicts convicting Appellant of second-degree felony cocaine possession and first-degree felony heroin possession are against the manifest weight of the evidence because the state did not present any competent, credible evidence that Appellant knowingly possessed more than 100 grams of cocaine and more than 50 grams of heroin.

4. The trial court erred by imposing consecutive terms of imprisonment without making any findings to support consecutive sentences and without providing any reasoning to support its decision to impose consecutive sentences.

5. The trial court erred by imposing a five-year prison sentence for the heroin offense.

*Exhibit 7 to Return of Writ*

On October 5, 2010, the Fifth District Court of Appeals affirmed petitioner's conviction. *Exhibit 9 to Return of Writ*. On November 9, 2010, petitioner, through additional new counsel filed a notice of appeal to the Ohio Supreme Court. *Exhibit 10 to Return of Writ*. Petitioner presented the following proposition of law:

1. To obtain two or more higher-level felony convictions in a drug-possession prosecution involving a single mixture containing cocaine and heroin, the state must prove the amount of each drug contained in the mixture.

On February 16, 2011, the Ohio Supreme Court denied leave to appeal and dismissed petitioner's case as not involving any substantial constitutional question. *Exhibit 13 to Return of Writ*.

On April 22, 2011, petitioner, proceeding pro se, filed the instant petition for a

writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody

of the respondent in violation of the Constitution of the United States based upon the

following grounds raised on the face of the petition, and set forth as follows:

> **Ground One**:  The conviction is against the sufficiency of the evidence.

> **Supporting FACTS:** The State did not prove the amount of each individual drug involved.  Though the mixture of the two drugs exceeds one-hundred grams, there is no evidence as to the amount of each individual drug involved.  Accordingly, the evidence does not support a conviction for a first degree felony.

It is the position of respondent that petitioner's claim was not fairly presented or

fails on its merits.

## FAIR PRESENTATION

The issue of fair presentation recently was addressed at some length by

the Sixth Circuit in *Houston v. Waller*, 420 Fed.Appx. 501 (6th Cir. 2011).  As the

Court explained,

> "the substance of a federal habeas corpus claim must first be presented to the state courts." *Picard*, 404 U.S. at 278, 92 S.Ct. 509. Determining when a claim has been "fairly presented" is contextual and individual to each case. In some instances, simply presenting the facts, without also presenting "the constitutional claim ... inherent in those facts" is insufficient. *Id*. at 277, 92 S.Ct. 509. In others, however, "the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support." *Id*. (internal *510 quotations and citations omitted); *Jells v. Mitchell*, 538 F.3d 478, 504 (6th Cir.2008) ("To present a claim fairly, it is sufficient if the substance of the claim was presented to the state courts, such that the ultimate question would have been the same despite variations in the legal theory or factual allegations urged in its support."). It is "not enough ... that a somewhat similar state-law claim was made," *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), nor is it sufficient to raise general allegations

of the denial of rights to a fair trial and due process because they do not fairly present claims that specific constitutional rights were violated. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000); *see Katt v. Lafler*, 271 Fed.Appx. 479, 481 (6th Cir.2008) (finding claim that admission of hearsay "violated the rules of evidence [and] denied [the petitioner's] constitutional rights to due process and a fair trial. US Const, Ams V, VI, XIV" not sufficient for fair presentation). This does not mean, however, that a petitioner need have "recite[d] book and verse on the federal constitution." *Abshear v. Moore*, 354 Fed.Appx. 964, 967 (6th Cir.2009) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir.2003)).

Recognizing that "[a] claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts," in *McMeans*, this Court reiterated that there are four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans*, 228 F.3d at 681 (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987)).

In *Franklin*, 811 F.2d at 326, this Court quoted *Daye v. Attorney General*, 696 F.2d 186 (2d Cir.1982) (en banc ), for the four factors to be considered in assessing whether there has been a fair presentation. In *Daye*, after noting that "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court," the court explained:

By the same legal "basis" or "doctrine," we do not mean that there can be no substantial difference in the legal theory advanced to explain an alleged deviation from constitutional precepts. For example, constitutional doctrine forbids use of a confession against a defendant unless the confession was voluntary. A number of legal theories may be advanced as to why a confession was not voluntary. Yet all that is needed to alert the state courts to the constitutional nature of the claim is the exposition of the material facts and the assertion that the confession was not voluntary. *Daye*, 696 F.2d at 192 n. 4.

*Id*. at 509-510.

Here, respondent argues that petitioner presented his sufficiency of the evidence claim on direct appeal only as a violation of state law. According to respondent, petitioner cited only to *Jackson v. Virginia*, 443 U.S. 307 (1979), and otherwise argued his insufficiency of the evidence claim entirely in terms of Ohio statutory law in asserting that the State failed to demonstrate the precise concentrations of each controlled substance in the heroin-cocaine mixture. In his traverse, petitioner asserts that he "attacked his constitutional right to the sufficiency of the evidence" in his second assignment of error. Further, he contends that, although the proposition of law he raised before the Ohio Supreme Court did not mirror directly the language of his assignment of error, it was sufficient to raise a sufficiency of the evidence claim.

It is well-established that a claim that there was insufficient evidence on which to convict states a claim for relief under the Fourteenth Amendment for the denial of due process. *Jackson, supra.* While, as respondent contends, petitioner did not argue explicitly his second assignment of error in terms of the United States Constitution or cite the Fourteenth Amendment, he did assert the deprivation of his right to due process and the state appellate court reviewed his sufficiency of the evidence claim under the standard of *State v. Jenks*, 61 Ohio St.3d 259 (1991). *Jenks* is an Ohio Supreme Court decision adopting *Jackson* into Ohio law. *See Rampey v. Wilson*, 2009 WL 161344 at *17 (N.D. Ohio January 22, 2009) ("*Jenks* states clearly established federal law as to the sufficiency of the evidence"). Further, although petitioner's proposition of law raised

-7-

before the Ohio Supreme Court did not specify any constitutional deprivation, the argument in support addresses the issue of the sufficiency of the evidence used to convict petitioner of first and second-degree felony possession.   Under this circumstance, the Court cannot conclude that petitioner failed to fairly present a constitutional claim before the state courts as it relates to the sufficiency of the evidence. Consequently, the Court will now address the merits of petitioner's claim.

## STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (AEDPA) govern the scope of this Court's review. *See Penry v. Johnson*, 532 U.S. 782, 791, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir.2008).  AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam ). *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(footnote omitted) .

When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.  28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As the Supreme Court has explained, "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Harbison v. Bell*, 408 F.3d 823, 829 (6th Cir. 2005). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*, at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." *Id.*, at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). The Court will apply this standard to petitioner's claim.

## CLAIM ONE

As discussed above, petitioner's only ground for relief in his habeas petition is that there was insufficient evidence to support his conviction for a first-degree felony because the State did not prove the precise amount of each individual drug contained in the mixture recovered from the sweatshirt. Although the petition itself does not contain

much in the way of discussion, petitioner's traverse explains his position in much greater detail.   In his traverse, petitioner characterizes his ground for relief as a claim that there was insufficient evidence to convict him on Count  One - knowingly obtaining or possessing cocaine in an amount equal to or exceeding 100 grams, a second degree felony or on Count Two - knowingly obtaining or possessing heroin in an amount equal to or exceeding 100 grams, a first degree felony.  Petitioner notes that he is not challenging his conviction on Count Three relating to possession of crack cocaine.

Although petitioner has characterized his ground for relief as relating to insufficient evidence for his conviction on both Counts One and Two, the Court reads his traverse as raising the following issues.  Petitioner's argument directed to Count Two - possession of heroin - appears to be that the state trial court lacked jurisdiction, and his conviction is null and void, because the language used in the indictment was not the precise language of the statute.  Petitioner extends this argument to contend that, because the State combined Count One into Count Two, he was sentenced improperly.  Only as an alternative to finding that the error in the indictment with respect to Count Two has resulted in his constitutionally invalid conviction does petitioner set forth his sufficiency of the evidence argument in any detail.  Further, in setting forth this argument, petitioner focuses primarily on the evidence relating to his conviction on Count One - possession of cocaine in an amount sufficient to be a second degree felony - and the Count on which petitioner was not sentenced.  *Lenoir*, 2010 WL 3921188 at *2.  This is so, despite petitioner's framing of his ground for relief as relating

to his conviction for a first degree felony, which, as the record confirms, was petitioner's conviction for possession of 100.07 grams of heroin.

Before the Court addresses petitioner's sufficiency of the evidence claim, which he has raised pro se and which, accordingly, the Court will construe liberally, *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985), the Court will address briefly petitioner's issue relating to the indictment. Initially, the Court notes that this issue is raised for the first time in the traverse and does not appear to have been raised before the state appellate court. As a result, any claim relating to the indictment would be procedurally defaulted or waived. Aside from these issues, however, such a claim simply is not cognizable in federal habeas corpus. *See Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) ("Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."); *see also Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)(an indictment requires "sufficient information to provide petitioner with notice and the opportunity to defend and protect himself against future prosecution for the same offense. Any other deficiencies ... are solely matters of state law and so not cognizable in a federal habeas proceeding.") Here, petitioner is not claiming that he received inadequate notice of the charge in Count Two relating to heroin possession. Rather, petitioner is asserting that the indictment with respect to Count Two identified heroin as a Class II controlled substance rather than a Class I substance as set forth in the statute. Further, petitioner contends that the amount of heroin was identified as 100 grams in the indictment while the statute states "50 to 200 grams." These are precisely

the types of deficiencies which are matters of state law and are not cognizable before

this Court. Consequently, to the extent that petitioner may be asserting any claim

relating to the indictment on Count Two, he cannot prevail.

Turning now to petitioner's claim regarding the sufficiency of the evidence as it

relates to Count One, Count Two, or both, the state appellate court addressed the issue

in the following way.

> {¶ 26} Because appellant's second and third assignments of error each
> require us to review the evidence, we shall address the assignments
> collectively.
>
> {¶ 27} In his second assignment of error appellant alleges that the trial
> court erred in not granting his Crim. R. 29 motion for acquittal at the
> conclusion of the state's case. In determining whether a trial court erred in
> overruling an appellant's motion for judgment of acquittal, the reviewing
> court focuses on the sufficiency of the evidence. *See, e.g., State v. Carter*
> (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974; *State v. Jenks* (1991), 61
> Ohio St.3d 259 at 273, 574 N.E.2d 492 at 503.
>
> {¶ 28} In his third assignment of error appellant maintains that his
> conviction is against the sufficiency of the evidence and against the
> manifest weight of the evidence, respectively.
>
> {¶ 29} The function of an appellate court on review is to assess the
> sufficiency of the evidence "to determine whether such evidence, if
> believed, would convince the average mind of the defendant's guilt
> beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574
> N.E.2d 492, paragraph two of the syllabus. In making this determination, a
> reviewing court must view the evidence in the light most favorable to the
> prosecution. *Id.; State v. Feliciano* (1996), 115 Ohio App.3d 646, 652, 685
> N.E.2d 1307, 1310-1311.
>
> {¶ 30} While the test for sufficiency requires a determination of whether
> the state has met its burden of production at trial, a manifest-weight
> challenge questions whether the state has met its burden of persuasion.
> *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390, 678 N.E.2d 541, 548-549

(Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the Trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins, supra*, 78 Ohio St.3d at 387, 678 N.E.2d 541. (Quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, supra. In *State v. Thompkins, supra* the Ohio Supreme Court further held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary ." 78 Ohio St.3d 380, 678 N.E.2d 541 at paragraph three of the syllabus.

{¶ 31} Employing the above standard, we believe that the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed the offenses of possession of cocaine a second-degree felony, possession of heroin a first-degree felony and possession of crack cocaine a fifth-degree felony.

{¶ 32} R.C. 2925.01(K) defines possession as follows: " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

{¶ 33} Possession may be actual or constructive. *State v. Haynes* (1971), 25 Ohio St.2d 264, 267 N.E.2d 787; *State v. Hankerson* (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery* (1976), 46 Ohio St.2d 316, 332, 348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93. Circumstantial evidence that the defendant was located in very

-13-

close proximity to readily usable drugs may show constructive possession. *State v. Barr* (1993), 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248; *State v. Morales*, 5th Dist. No.2004 CA 68, 2005-Ohio-4714 at ¶ 50; *State v. Moses*, 5th Dist. No.2003CA00384, 2004-Ohio-4943 at ¶ 9. Ownership of the drugs need not be established for constructive possession. *State v. Smith*, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 13, citing *State v. Mann*, (1993) 93 Ohio App.3d 301, 308, 638 N.E.2d 585. Furthermore, possession may be individual or joint. *Wolery*, 46 Ohio St.2d at 332, 348 N.E.2d 351.

{¶ 34} If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for " 'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.' " *State v. Jenks* (1991), 61 Ohio St.3d 259, 272, 574 N.E.2d 492 at paragraph one of the syllabus. " 'Circumstantial evidence and direct evidence inherently possess the same probative value[.]' " *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, " '[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.' " *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott* (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, citing *Hurt v. Charles J. Rogers Transp. Co.* (1955), 164 Ohio St. 329, 331, 130 N.E.2d 820. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. *Lott*, 51 Ohio St.3d at 168, 555 N.E.2d 293, citing *Hurt*, 164 Ohio St. at 331, 130 N.E.2d 820.

{¶ 35} Upon a careful review of the record and upon viewing the direct and circumstantial evidence in the light most favorable to the prosecution, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found appellant guilty of the possession of drugs offenses.

{¶ 36} Appellant admitted ownership of the crack cocaine found inside the Jeep. Accordingly, appellant's conviction for possession of crack cocaine a fifth-degree felony is supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶ 37} A reasonable juror could have found that, at the least, appellant had

dominion and control over and constructive possession of the vehicle containing the drugs, and that he had knowledge of drugs found inside the sweatshirt. *See Hankerson*, 70 Ohio St.2d at syllabus. Thus, appellant could have exercised dominion and control over the sweatshirt and the contents of the sweatshirt. *See, e.g., State v. King* (Sept. 18, 1996), 9th Dist. No. 95CA006173.

{¶ 38} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Huff* (2001), 145 Ohio App.3d 555, 563, 763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel* (May 1, 1998), Montgomery App. No. 16221, (citing *State v. Elliott* (1995), 104 Ohio App.3d 812, 663 N.E.2d 412).

{¶ 39} "A fundamental premise of our criminal trial system is that 'the jury is the lie detector.' *United States v. Barnard*, 490 F.2d 907, 912 (C.A.9 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' *Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891)". *United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267, 140 L.Ed.2d 413.

{¶ 40} Appellant cross-examined the witnesses and argued that he had no knowledge that the substance was concealed within the sweatshirt. Appellant further argued that the state failed to prove the sweatshirt was not tampered with during the time it was left unattended. Further, appellant argued that he did not drop the sweatshirt. However, the weight to be given to the evidence and the credibility of the witnesses are issues for the Trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183.

{¶ 41} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. Craig*

(Mar. 23, 2000), Franklin App. No. 99AP-739, citing *State v. Nivens* (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.; *State v. Burke*, Franklin App. No. 02AP1238, 2003-Ohio-2889, citing *State v. Caldwell* (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

{¶ 42} After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the convictions. The jury did not create a manifest injustice by concluding that appellant was guilty of the crimes of possession of cocaine a second-degree felony, possession of heroin a first-degree felony and possession of crack cocaine a fifth-degree felony.

{¶ 43} We conclude the Trier of fact, in resolving the conflicts in the evidence, did not create a manifest injustice to require a new trial. The jury heard the witnesses, evaluated the evidence, and was convinced of appellant's guilt.

{¶ 44} Appellant next argues that the state failed to prove either the amount of cocaine or the amount of heroin contained within the mixture necessary to elevate the penalty for the offense to either a second degree felony [cocaine] or a first degree felony [heroin].

{¶ 45} When it comes to enhancing the penalty, the Supreme Court has stated that the statutory hierarchy of penalties based upon the identity and amount of the drug presupposes that a detectable amount of a controlled substance is present within the substance before the penalty enhancement applies. *State v. Chandler*, 109 Ohio St.3d 223, 846 N.E.2d 1234, 2006-Ohio-2285, ¶ 18. In that case, the defendants pretended to sell crack but actually delivered only baking soda. They were convicted of drug trafficking and received the highest penalty enhancement for offering to sell more than 100 grams of crack cocaine. *Id.* at ¶ 19, 846 N.E.2d 1234.

{¶ 46} The Supreme Court determined that the defendants' convictions of drug trafficking could stand because they offered to sell drugs in violation

of R.C. 2925.03(A)(1), regardless of whether actual drugs were involved. *Id*. at ¶ 9, 846 N.E.2d 1234, 69 Ohio St.2d 445, 432 N.E.2d 802. However, the Court reversed the penalty enhancement, ruling that the state was required to prove the identity of the substance as well as a detectable amount of that substance, not for conviction but to impose the penalty enhancement. *Id*. at ¶ 16, 432 N.E.2d 802. In formulating its rationale, the Supreme Court noted that by the terms of the penalty provisions in R.C. 2925.03(C), the substance must be or contain the drug alleged. *Id*. at ¶ 18, 432 N.E.2d 802. "This language presumes that a detectable amount of cocaine is present within the substance before the penalty enhancement applies." *Id*. The Court reiterated that the statute is clear that a "substance offered for sale must contain some detectable amount of the relevant controlled substance" before a person can be sentenced under a penalty enhancement such as R.C. 2925.03(C)(4)(g). *Id*. at ¶ 21, 432 N.E.2d 802.

{¶ 47} In the case at bar, R.C. 2925.11(C)(4) [Cocaine] and 2925.11(C)(6) [Heroin] are identical in wording to the provisions of R.C. 2925.03(C) construed by the Supreme Court in *Chandler*. Hence, the concentration of cocaine or heroin is not dispositive. Rather, it is the mere presence of cocaine or heroin in combination with a mixture, compound, preparation or substance that is controlling.

{¶ 48} In the case at bar, expert testimony was presented by the state that the mixture recovered from the sweatshirt contained both cocaine and heroin. (T. at 125). Further, the substance weighed 100.07 grams. (*Id*. at 125, 432 N.E.2d 802). Thus, sufficient, credible evidence supports the penalty enhancing provisions of R.C. 2925.11(C).

{¶ 49} Accordingly, appellant's second and third assignments of error are denied.

Before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia, supra*, 443 U.S. at 319, 99 S.Ct. 2781. To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West*,

-17-

505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (citing *Jackson*, at 319, 99 S.Ct.

2781). The prosecution is not affirmatively required to "rule out every hypothesis except

that of guilt." *Id*. (quoting *Jackson*, at 326, 99 S.Ct. 2781). "[A] reviewing court 'faced with

a record of historical facts that supports conflicting inferences must presume—even if it

does not affirmatively appear in the record—that the trier of fact resolved any such

conflicts in favor of the prosecution, and must defer to that resolution.' " *Id*. (quoting

*Jackson,* at 326, 99 S.Ct. 2781). For example the trier of fact is entitled to disbelieve a

defendant's uncorroborated and confused testimony, and even to discount a

defendant's credibility on account of a prior felony conviction. *Id*.

> The reviewing court does not reweigh the evidence or redetermine
> the credibility of the witnesses whose demeanor has been observed by the
> finder of fact. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed.
> 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d
> 646 (1983); *Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir. 1993). Determination
> of the credibility of a witness is within the sole province of the finder of
> fact and is not subject to review. *United States v. Saunders*, 886 F.2d 56 (4th
> Cir. 1989). The habeas court does not substitute its judgment for that of the
> finder of fact. *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995).

> The habeas court must review all of the evidence in the record and
> determine whether a reasonable jury could have found guilt beyond a
> reasonable doubt. "The evidence must afford a substantial basis from
> which a fact in issue can reasonably be inferred." *Spalla v. Foltz*, 615
> F.Supp. 224, 227 (E.D.Mich. 1985). Circumstantial evidence from which a
> reasonable inference of guilt beyond a reasonable doubt may be drawn is
> constitutionally sufficient. *Id*.; *see also Evans–Smith v. Taylor*, 19 F.3d 899,
> 909 (4th Cir. 1994) ( "circumstantial evidence need not exclude every
> reasonable hypothesis of innocence. Rather 'circumstances altogether
> inconclusive, if separately considered, may, by their number and joint
> operation ... be sufficient to constitute conclusive proof.' " (quoting
> *Stamper v. Muncie*, 944 F.2d 170, 174 (4th Cir. 1991)).

*Alder v. Burt*, 240 F.Supp.2d 651, 661 (E.D. Michigan 2003).

Further, there is a "double layer" of deference due to state court determinations about the sufficiency of the evidence. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference is due to the jury's finding of guilt because the substantive standard, announced in *Jackson v. Virginia*, is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." In addition, even if a de novo review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas corpus petitioner to overcome, and petitioner has not done so here.

Although the state court of appeals did not cite directly to *Jackson v. Virginia*, as discussed above, it drew its sufficiency of the evidence standard from *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), which, in turn, relied on *Jackson*. Thus, it is clear that the state court applied the proper standard under federal law. The only question is whether its application of that standard to the facts of this case was unreasonable.

As is relevant here, petitioner was convicted of second-degree felony cocaine possession, in violation of R.C. 2925.11(A) and (C)(4)(d) and first-degree felony heroin possession, in violation of R.C. 2925.11(A) and (C)(6)(e).  The crux of petitioner's claim appears to be a challenge to the sufficiency of the evidence relating to the amount of the

drug involved.  While petitioner argues in terms of cocaine, there is some indication from his petition that he intends this argument to encompass the amount of heroin as well.  The provisions of R.C. 2925.11, considered to be penalty enhancing provisions and the focus of petitioner's claim, provide as follows:

> (4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
> ...
>
> d) If the amount of the drug involved equals or exceeds twenty grams but is less than twenty-seven grams of cocaine, possession of cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.
> ...
>
> 6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin. The penalty for the offense shall be determined as follows:
> ...
>
> (e) If the amount of the drug involved equals or exceeds five hundred unit doses but is less than two thousand five hundred unit doses or equals or exceeds fifty grams but is less than two hundred fifty grams, possession of heroin is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

In its decision, the state appellate court relied on *State v. Chandler*, 109 Ohio St.3d 223 (2006), an Ohio Supreme Court case interpreting R.C. §2925.03(A)(1).  As the state appellate court noted, the penalty enhancing statute before the Court in *Chandler* contained language identical to the penalty enhancing statute applicable to petitioner's

case, R.C. §2925.11(C)(4) for cocaine and §2925.11(C)(6) for heroin, as set forth above.  In

*Chandler*, the Ohio Supreme Court held that the state was required to prove the identity

of the substance and a detectable amount.  Based on this holding in *Chandler*, the state

appellate court, in upholding petitioner's conviction and penalty enhancement,

concluded that the concentration of the drug, either cocaine or heroin, was not

dispositive.  Rather, the dispositive issue was the presence of either cocaine or heroin

within the mixture found in the sweatshirt.  In concluding that the mixture at issue

contained both cocaine and heroin, the appellate court relied on the testimony of the

State's expert, Brandon Werry, the Director of the Ohio State Highway Patrol Crime Lab

who performed the analysis on and weighed the mixture.   Mr. Werry testified that the

mixture contained both cocaine and heroin and weighed 100.07 grams.  *Exhibit 14 to*

*Return of Writ*, Tr. 116-130.  Cross-examination did not produce any contradictory

testimony.

This Court is bound to follow Ohio courts with respect to the correct construction

of the statutory language at issue.  *See White v. Steel*e, 602 F.3d 707, 711 (6th Cir.

2009)("When reviewing habeas claims by state prisoners, federal courts may not

reinterpret state law").  Consequently, this Court must accept the proposition adopted

by the court of appeals that it is the presence of the drug - in this case, cocaine and

heroin  - and not the specific amount of the drug at issue, that controls for purposes of

the penalty enhancing provisions of R.C. §2925.11(C).   The court of appeals' conclusion

that there was evidence from which a reasonable jury could have found that the

mixture contained both cocaine and heroin, is supported by Mr. Werry's testimony, which if believed established exactly that fact. Further, there was testimony, again from Mr. Werry, supporting the court of appeals' conclusion that the substance weighed 100.07 grams. At a minimum, this court cannot say, as it would be required to do if petitioner were to prevail on this issue, that the state court unreasonably applied the *Jackson* test here. Consequently, petitioner's claim provides no basis for habeas corpus relief.

This is so despite petitioner's attempt in his traverse to pursue a slightly different angle on the sufficiency of the evidence issue. Petitioner argues, relying on *State v. Gilliam*, 192 Ohio App.3d 145 (2d Dist. 2011), that there was insufficient evidence to demonstrate that the mixture at issue weighed 100.07 grams because, he contends, the plastic weighing trays and the baggie containing the mixture were included in the weight. In *Gilliam*, the state appellate court concluded that the jury verdict finding that the defendant had purchased 1,000 grams of cocaine was against the manifest weight of the evidence where testimony indicated that the cocaine was weighed while wrapped in packaging secured with duct tape. The court of appeals found that the "jury necessarily speculated" to determine the weight of the cocaine itself. *Gilliam* is of no help to the petitioner here. First, the *Gilliam* court correctly construed the issue as one involving the manifest weight of the evidence and such a claim is not cognizable in a federal habeas proceeding. *See Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983). Further, even assuming that this Court could consider such an issue, there is no evidence to support

petitioner's position that the weight of 100.07 grams included the weight of the trays and the baggie.

## RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge RECOMMENDS that petitioner's claims be DISMISSED.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge