IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael D. Lenoir,

      Petitioner,

  v.                                                Case No. 2:11-cv-0342

Warden, Richland Correctional                JUDGE PETER C. ECONOMUS
Institution,                                             Magistrate Judge Kemp

      Respondent.

**OPINION AND ORDER**

      This matter is before the Court on petitioner's objections to a Report and Recommendation issued by the Magistrate Judge on December 22, 2011.  The Court, having reviewed the record *de novo*, finds for the reasons set out below that the objections to the Report and Recommendation are without merit.  Petitioner's objections are **OVERRULED** and the **Report** and **Recommendation** is **ADOPTED**.

**I.**

      When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made ...."  Fed. R. Civ. P. 72(b).  After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. §636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Howard v. Secretary of Health and Human*

*Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

As is relevant to petitioner's objection, petitioner was convicted of second-degree felony cocaine possession and first-degree heroin possession following the recovery of a mixture of material found in a sweatshirt, later found to contain both cocaine and heroin. He was sentenced under the penalty enhancing provisions of R.C. §2925.11(C) for possession of 100.7 grams of heroin, a first-degree felony. In his petition, petitioner set forth one claim for relief asserting that there was insufficient evidence to support his conviction for a first-degree felony because the State did not prove the precise amount of each individual drug recovered from the sweatshirt.

In the Report and Recommendation, the Magistrate Judge recommended that petitioner's sufficiency of the evidence claim be denied on its merits because the State appellate court had not unreasonably applied the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979). In reaching this conclusion, the Magistrate Judge discussed at length the penalty enhancing provisions under Ohio law that provided the focus of petitioner's claim. The Magistrate Judge also discussed Ohio courts' interpretation of these statutes noting that, contrary to the petitioner's claim, the State is not required to prove the specific concentration of each drug. The Magistrate Judge, focusing on the testimony regarding the weight and contents of the mixture provided by the State's expert, the Director of the Ohio State Highway Patrol Crime Lab who performed the analysis on the material found in the sweatshirt, concluded that the requirements of *Jackson* were met.

The Magistrate Judge also noted the argument set forth in petitioner's traverse which relied on *State v. Gilliam*, 192 Ohio App.3d 145 (2d Dist. 2011), and questioned the weight of

the mixture at issue. As explained by the Magistrate Judge,

> Petitioner argues, relying on *State v. Gilliam*, 192 Ohio App.3d 145 (2d Dist. 2011), that there was insufficient evidence to demonstrate that the mixture at issue weighed 100.07 grams because, he contends, the plastic weighing trays and the baggie containing the mixture were included in the weight. In *Gilliam*, the state appellate court concluded that the jury verdict finding that the defendant had purchased 1,000 grams of cocaine was against the manifest weight of the evidence where testimony indicated that the cocaine was weighed while wrapped in packaging secured with duct tape. The court of appeals found that the "jury necessarily speculated" to determine the weight of the cocaine itself. *Gilliam* is of no help to the petitioner here. First, the *Gilliam* court correctly construed the issue as one involving the manifest weight of the evidence and such a claim is not cognizable in a federal habeas proceeding. *See Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983). Further, even assuming that this Court could consider such an issue, there is no evidence to support petitioner's position that the weight of 100.07 grams included the weight of the trays and the baggie.

### III.

In his objection, petitioner merely reiterates his insufficiency of the evidence claim but does not expressly object to any of the Magistrate Judge's findings. Moreover, much of petitioner's objection appears to be a verbatim restatement of portions of the Report and Recommendation. This, standing alone, is sufficient reason to overrule petitioner's objection. *See Drew v. Tessmer,* 36 Fed. Appx. 561 (6th Cir. 2002)("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995)("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

At best, a generous reading of petitioner's objection suggests that he may be arguing that the Magistrate Judge was persuaded that there was insufficient evidence regarding the weight of the mixture. As petitioner states on the last page of his objection,

> The R&R acknowledged the "jury necessarily speculated" to determine the weight of the cocaine itself regardless if it was mixed with heroin. Without a scintilla of evidence to demonstrate the weight of the drugs exceeded 100 grams without the tape plastic wrap and plastic scales, there is sufficient (sic) evidence that establishes the Petitioner was in possession of over 100 grams of cocaine/heroin mixture and a conditional writ should be issued.

To the extent that petitioner is making such an objection, it is based on a misreading of the Report and Recommendation. As indicated above, the Magistrate Judge's reference to jury speculation was made in the context of explaining the holding in *Gilliam* and its inapplicability to petitioner's claim. The Court finds completely without merit petitioner's suggestion that the Magistrate Judge concluded that the jury speculated about the weight of the drugs involved in petitioner's case. Further, the Court agrees that *Gilliam* does not provide any support for petitioner's claim in this case. Consequently, petitioner's objection will be overruled.

**IV**.

The Court has conducted a *de novo* review of the petition and agrees with the Magistrate Judge that the petition lacks merit and should be dismissed.

**V.**

For the reasons stated above, petitioner's objections (#17) are **OVERRULED.** The Magistrate Judge's Report and Recommendation (#13) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Peter C. Economus, March 1, 2012
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**